Judgment is accordingly ordered for the defendant, with costs.

VAN BRUNT, P. J., and BARTLETT, J., concur.

---

*In re* LIVINGSTON SPORTSMEN'S ASS'N.

(*Supreme Court, Special Term, Monroe County.* June, 1888.)

CORPORATIONS—DISSOLUTION—WHEN DECREED—SOCIAL CLUBS.

In proceedings to dissolve an incorporated sporting club it appeared that it owned real and personal property worth more than $2,000, and owed no debts; that it originally consisted of 45 members, 15 of whom remained, 9 of these being in favor of dissolution, and 6 opposed; that annual dues were its only source of income; that there was no capital stock, as such, but the rights and privileges of the members were equal; that the club was organized on the "tontine" principle. *Held*, that under Code Civil Proc. N. Y. § 2429, providing that, before making final order dissolving a corporation, the court must be satisfied either that the corporation is insolvent, or that dissolution is for the interest of the stockholders, and not injurious to public interests, the condition of the corporation did not warrant its dissolution. Code Civil Proc. c. 17, tit. 11, providing for and regulating proceedings for the dissolution of corporations, does not apply to a social club organized as a corporation.

On application for final order.

This is an application for a final order in proceedings for the dissolution of the Livingston Sportsmen's Association, and for the appointment of a receiver of its property.

*Strang & Doty,* for petitioners. *L. O. Reed, contra.*

ADAMS, J. The petitioners base their proceedings upon the provisions of title 11, c. 17, Code Civil Proc. The method there prescribed for obtaining the relief sought appears to have been literally followed; and it only remains for the court to say, upon the facts presented, whether or not it shall order the dissolution asked for in the petition. Before discussing this proposition, it will be well to refer to some of the more important facts, concerning which there appears to be little or no dispute. It seems that the Livingston Sportsmen's Association was duly incorporated in August, 1876, under the provisions of chapter 267 of the Laws of 1875, entitled "An act for the incorporation of societies or clubs for certain lawful purposes," and the acts supplementary thereto and amendatory thereof. Prior to its incorporation the association existed under the same name, and had acquired about $1,400 in money. which was transferred to the new organization. With this money some real estate was purchased upon the shore of Conesus lake, where a club-house was erected, and other improvements were made; so that, at the time this proceeding was commenced, it appears that the association was the owner of real and personal property of the value of more than $2,000. This property is free from incumbrances of any kind, and there are no debts existing against the club. It further appears that, at the time of its incorporation, the association consisted

of 45 members, of whom 15 remain; the others having ceased to become members by reason of death, resignation, or failure to pay dues and assessments. Of the members there remaining, nine are in favor of a dissolution, and six are opposed; and of those favoring the dissolution several are so situated as to be practically unable to enjoy the privileges of the association. The annual dues of each member are five dollars, which furnishes the only source of regular income to the club; small assessments being resorted to in case the annual dues prove insufficient for the purposes of the association. There are no stockholders and no capital stock, as such, but the rights and privileges of the members are equal, and the constitution provides that whenever, for any reason, a person ceases to be a member, his interest in the property shall be vested in the association. There are many other facts found by the referee, but the foregoing are, perhaps, sufficient to enable the court to furnish a satisfactory reason for the disposition which it finds itself compelled to make of this motion.

It will be seen, by a reference to the provisions of section 2429 of the Code of Civil Procedure, that, before making its final order, the court must be satisfied either that the corporation is insolvent, or else that it is for the interest of the "stockholders," and not injurious to public interests, that a dissolution should be decreed. It is not contended that the association is in any other than a perfectly solvent condition, and it is difficult for me to perceive upon what theory it can be said that it is for the interests of all the stockholders or members to order a dissolution. It may be that the payment of the annual dues and assessments, trifling as they are, proves somewhat annoying and even onerous to the members who derive no corresponding benefit from the association. If so, it is an easy matter for them to relieve themselves from the burden, without compelling a very respectable minority to give up the privileges which they seem to esteem so highly, and for the enjoyment of which they have parted with their money. Again, it appears that this association was organized upon what is termed the "tontine" principle, which confers upon the remaining members rights and privileges which it is difficult to estimate in dollars and cents. It must be assumed that the petitioners joined the association with full knowledge of the fact that those members who survived the others would enjoy such additional rights and privileges; and it is not at all improbable that the minority were induced to join, or to continue their membership down to the present time, by reason of this very attractive feature of the organization. If, therefore, this may be treated as one of the corporations contemplated by the provisions of the Code upon which this proceeding is based, what satisfactory reason can be urged for its dissolution? The organization, in some considerable degree at least, still answers the end for which it came into being; and other and stronger reasons than those assigned should be presented to the court in order to justify its interference, even at the request of a majority of its members. *Lafond* v. *Deems*, 81 N. Y. 507. I am quite inclined to the opinion, however, that it was not the design of the legislature to embrace associations of this character within the operation of the statute in question. It will appear, upon investigation, that the present statutory provisions are the outgrowth of an act designed to affect insurance companies only. See Laws 1814, c. 172, and Laws 1817, c. 146. At the time of the revision, the acts referred to were so enlarged in their scope as to include other bodies politic, (3 Rev. St. p. 467, §§ 58–65;) and these sections were in return repealed by the act of 1880, the provisions of the Code being substituted in lieu thereof. As thus revised and amended, the statute obviously was designed to affect corporations organized for purposes of trade, business, and profit, and not those of a social character. To illustrate: Sections 2419 and 2420 refer to "stockholders," "trustees," and "directors;" and although, by the amendment of 1884, the title "member" was made interchangeable with that of "stockholder," yet the business feature of the statute remains; and it is still provided by section 83 of the Revised Statutes,

which was unrepealed by the act of 1880, that the surplus remaining in the hands of the receiver after paying debts and expenses shall be distributed among the "stockholders" of the corporation. I am not unmindful of the contention of counsel that, in construing this statute, which specifically excludes certain corporations from its operation, it should be held to be inclusive of all others; and yet it must be borne in mind that when this statute was first enacted, and certain corporations were expressly excluded from its operation, which, with a single exception, are the same as those specified in section 2431 of the Code, (see 3 Rev. St. p. 472, § 91,) the act of 1875, under which this association was incorporated, did not exist; and this fact of itself furnishes a satisfactory reason for not excluding from its application "societies or clubs for certain lawful purposes," as well as those which are mentioned. In England there are enactments similar in many of their features, and designed to attain the same end as this one of ours, which are known as the "Winding-up Acts;" and, as long ago as 1832, Lord Chancellor St. Leonards, in a carefully prepared opinion, held that a social club, although an "association," was not such within the meaning of those acts, which were obviously, although not specifically, designed to apply to associations of business and profit. *In re St. James' Club,* 13 Law & Eq. Rep. 589. This case is analogous to the one under consideration, and furnishes ample authority, if any were needed, for my interpretation of the statute which the petitioners invoke. The motion is therefore denied, and the proceeding dismissed; but, under the somewhat peculiar circumstances of the case, no costs are imposed.