Patterson, J.
This is an application to confirm the report of a referee-, appointed in proceedings instituted under title 11, c. 17, Code Civil Proc., for the voluntary dissolution of a corporation. The referee has presented a very careful and elaborate report, exposing, in great detail, the situation at the-present time of the association and its funds, and showing convincing reasons-why continued corporate existence would fail to benefit any one interested as member, annuitant, or beneficiary, and recommending that a dissolution beileereed under the terms of a plan which has been submitted to all the parties-in interest. I entirely concur with the referee in the propriety of directing a. dissolution of this corporation. There were 72 persons in all connected witlu it, as members or beneficiaries, at the time this proceeding was begun. Seventy of these persons have consented to the decree being made, and there is-now but one objecting party. Her assent was originally given, but has been, withdrawn pending the reference; her expressed desire being that the funds and! property of the association shall be transferred to another corporate organization having kindred purposes with those of this corporation, but her opposition does not seem to be based upon any real claim that it would be wise or-prudent to continue the existence of this particular society. It is scarcely nee *795 essary to s'ay that this court has no power to compel the consolidation oh amalgamation of the two associations, and therefore any suggestion looking to the accomplishment of that object cannot now be entertained. It is found by the referee that the objecting member is estopped from opposing the disso-r lution prayed for in the petition, because of her former acquiescence in the institution of this proceeding; but I am not disposed to hold as matter of law that she became irrevocably bound, and that her objections now presented should not be considered.
The principal ground of opposition goes to the foundation of the whole proceeding. It is claimed that the sections of the Code of Civil Procedure under which the application is made do not relate to such a corporation as the American Dramatic Fund Association. The provisions of the Code are in terms-broad enough to cover this corporation. Section 2419 enacts (among other things) that the directors, trustees, or other officers of a corporation created by or under the laws of this state, if they deem it beneficial to the interests-of the stockholders that the corporation should be dissolved, may present to' the court a petition praying for a final dissolution. Section 2431 was amended in 1884, so that corporations without stockholders, but having “members,” were recognized as within the purview of the law, and certain corporations expressly named were excepted from its operation. The American Dramatic Fund Association was created by a special act of the.legislature in the year 1848, and had for its object the constitution and administration of a fund for the payment of annuities and allowances to members and beneficiaries, and for the burial of those entitled to interment under its by-laws or" regulations. I think a corporation organized for such purposes is within the' statute relating to voluntary dissolution.
The provisions of the Code of Civil Procedure regulating the subject, as they now stand, are substantially a re-enactment of the Revised Statutes re-' lating to the same matter; and I think the history of the legislation shows a clear intent to allow the dissolution, under those provisions, of all kinds of corporations organized for carrying on business of any character, or organized for any purpose other than such corporations as are expressly excluded by the Code from the operation of the provisions under consideration. This corporation is in no sense a mere club or social organization, as to which it was-held at special term in another district, the provisions of the Code do not ap-ply. Re Sportsman's Club, 15 Civ. Proc. R. 215, 2 N. Y. Supp. 63. But I think it is evident that all corporations, except those excluded by section 2431, come within the application of the provisions. Section 2419 is substantially the same as section 58, art. 3, tit. 4, c. 8, pt. 3, Rev. St., (2 Edm. St. 488,) as-to who may make the application, and the grounds on which it may be made.The words “any corporation” are used in the Revised Statutes; “a corporation,” in the Code. Section 2431 is substantially the same as section 91 of Rev. St., (2 Edm. 494,) except as to corporations having members, and not-stockholders, (since the amendment of 1884,) and as to the addition of muniei-pal and political corporations to the excluded class. This change indicates-that the legislature had in mind the subject of the application of the provisions to various kinds of corporations,'and embraced by designation in the lim-" itation two classes of corporations which, but for the restriction, might liav^ been considered as liable to be dissolved under the statute.
We are not left without some knowledge as to the intent of the revisers".In their notes on section 58, above referred to, they state the origin of the provision as being found in acts relating to the dissolution of insurance companies; and add that “the act of 1817, which was confined to insurance companies in the city of New York, will be extended by this article to all corporations, excepting a few, ” and those are named in section 91. The provisions of the Code and the Revised Statutes being essentially the same, (except the amendment of 1884, above referred to,) it must follow, I think, that any *796 corporation may be dissolved by such a proceeding as this, except those mentioned in section 2431.
The further objection is taken that the Code provisions do not apply to this •corporation, because all the details required to be complied with relating to distribution by a receiver cannot be carried out. I am not prepared to hold that the law absolutely requires those things to be done which are not at all pertinent, in view of the situation of the property and the character of the •corporation. The court can acquire jurisdiction to dissolve only from thestatute, but it is not deprived of jurisdiction because in the nature of the corporation certain inapplicable statutory requirements cannot and need not be fulfilled. The scheme of distribution in this matter, among members and others, lias been assented to by all but one of the parties interested, and the bylaws of the corporation require the assent of a certain number to a plan of division of the property in case of a dissolution of tire corporation. Ordinarily the plan of-the members could not be substituted for the plan of the statute, ■but in this case there are provisions of the by-laws which were lawful when made, and are obligatory on all the members, and constitute a condition, subject to which a dissolution must be allowed, if at all; besides which there is in reality no statutory plan for distribution among “members” where there are •no “stockholders.”
Corporations without stockholders may be dissolved, but the provisions respecting distribution among stockholders, according to the amounts paid in by them, cannot apply in such cases as this; and if the court may dissolve •corporations not having stockholders, why may that not be done in accordance with the plan adopted by the requisite number of members, under a re•quirement of the by-laws which is binding on all members, when no plan is provided in the statute that can be followed, and no particular method of distribution among members is pointed out. The fact that the cemetery lots ■ cannot be sold, and the proceeds divided, does not necessarily prevent the dissolution. The members may voluntarily surrender that property, and so much of their respective shares of money dividends as will be necessary to • create a fund for the maintenance of the burial place. I have looked into the -other technical objections, but they do not require especial consideration, and . are not such as to defeat the application. The motion to confirm the report is granted, and Mr. S. L. M. Barlow is appointed the receiver.